### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Elena Katz-Grodman and Arnold
Grodman, Individually, and as
Parents, Guardians, and Next
Friends of Eleonora Grodman

    v.                                Civil No. 14-cv-383-SM

Timberlane Regional School
District, Crotched Mountain
School, and Crotched Mountain
Rehabilitation Center, Inc.


### REPORT AND RECOMMENDATION

Before the court is the Amended Complaint (doc. no. 6) filed by plaintiffs, Elena Katz-Grodman and Arnold Grodman, individually, and as guardians and representatives of their adult daughter, Eleonora Grodman. The plaintiff parents are proceeding pro se and in forma pauperis, and no lawyer has appeared in this action on behalf of any plaintiff. The amended complaint is before the court for preliminary review, pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).


### Background

Plaintiffs assert that defendant Timberlane Regional School District ("Timberlane") denied Eleonora Grodman a free and appropriate public education ("FAPE") from May 2009 through July

2011, in violation of the Individuals with Disabilities Education Act ("IDEA").  Plaintiffs pursued administrative remedies on their IDEA claims.  A New Hampshire Department of Education ("DOE") hearing officer denied those claims on May 1, 2014.  Plaintiffs now seek judicial review of that decision. The complaint further asserts that Timberlane, and defendants Crotched Mountain School and Crotched Mountain Rehabilitation Center, Inc. ("Crotched Mountain"), violated Eleonora Grodman's Fourteenth Amendment right to equal protection, her rights under the Americans with Disabilities Act ("ADA"), and her rights under section 504 of the Rehabilitation Act, 29 U.S.C. § 794, as to her education and placement at Crotched Mountain, and that defendants caused Ms. Grodman tortious injuries.

When plaintiffs filed this action in September 2014, Eleonora Grodman was twenty-three years old.  Ms. Grodman turned eighteen in June 2009.  On March 13, 2012, the Hillsborough County Probate Court appointed her father sole guardian of her estate, see In re Grodman, No. 316-2009-01289 ("Guardianship Petition") (N.H. Probate Ct., Hillsborough Cnty., Mar. 13, 2012).  That appointment authorized Arnold Grodman to file claims on his adult daughter's behalf.  See Katz v. McVeigh, 931 F. Supp. 2d 311, 333-34 (D.N.H. 2013) (citing N.H. Rev. Stat. Ann. ("RSA") § 464-A:26, I).  Elena Katz-Grodman was appointed

co-guardian over her adult daughter's estate in April 2013,
granting her the same power as her husband to file claims on Ms.
Grodman's behalf.  See Guardianship Petition (N.H. Probate Ct.,
Hillsborough Cnty., Apr. 9, 2013).[1]  In this action, plaintiffs
seek relief including damages and an award of compensatory
education for Eleonora Grodman, to remedy alleged disability
discrimination, violations of her right to a FAPE prior to July
2011, and defendants' alleged torts affecting Ms. Grodman.

Plaintiffs in this action have been parties in state and
federal cases, relating to Ms. Grodman and her educational
needs.  Most recently, in Katz v. McVeigh, 931 F. Supp. 2d 311
(D.N.H. 2013), the court granted the motions to dismiss filed by
defendants, including Timberlane and Crotched Mountain, thereby
dismissing with prejudice the parents' claims against those
defendants.  The Katz v. McVeigh court also dismissed, without
prejudice, Eleonora Grodman's civil rights claims, because no
lawyer had appeared in that case who could litigate those
claims.  Id. at 333-34.  The First Circuit affirmed those
rulings in an unpublished decision.  See id., aff'd sub nom.
Katz v. Roy, Nos. 13-1453, 13-1529 (1st Cir. Sept. 23, 2014).

---

[1]A third party, Eleonora Grodman's uncle, Stuart Grodman, is
also a co-guardian over her estate.  See Guardianship Petition
(N.H. Probate Ct., Hillsborough Cnty., Jan. 11, 2013).  Stuart
Grodman is not a party to this action.

## Discussion

### I.   Preliminary Review Standard

This court may dismiss claims asserted in pleadings filed by parties proceeding in forma pauperis, if they have failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2).  In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013).

### II.   IDEA Claims

Plaintiffs seek judicial review of a DOE hearing officer's decision, denying their IDEA claims on May 1, 2014.  See Doc. No. 6, at 34.  The plaintiff parents have standing to prosecute their own IDEA claims relating to Ms. Grodman's education and placement.  Plaintiffs have filed documents indicating that they filed this action within the 120-day limitation period allowed under state law for judicial review of hearing officer decisions.  See N.H. Rev. Stat. Ann. § 186-C:16-b, IV.

Accordingly, the court has directed service of the IDEA claims upon defendants in an Order issued on this date.

## III. **Remaining Claims**

Plaintiffs assert that defendants discriminated against Eleonora Grodman because of her disability in violation of her Fourteenth Amendment right to equal protection, and her rights under the ADA and section 504 of the Rehabilitation Act. Additionally, plaintiffs assert state law tort claims on behalf of Ms. Grodman.

In the October 28, 2014, Order (doc. no. 4), this court ruled that the plaintiff parents could not litigate Eleonora Grodman's claims in federal court without obtaining counsel, and specifically instructed plaintiffs that unless an attorney appeared in this action to represent Ms. Grodman, the magistrate judge would recommend dismissal of claims asserted on her behalf, without prejudice.  No attorney has appeared in this action on Ms. Grodman's behalf, and the motion (doc. no. 15) seeking the magistrate judge's reconsideration of the October 28, 2014, Order has been denied on this date.  Accordingly, the district judge should dismiss each of Ms. Grodman's claims without prejudice, leaving only the parents' IDEA claims.

5

**Conclusion**

For the foregoing reasons, the district judge should dismiss without prejudice all claims asserted in this action, other than Arnold Grodman's and Elena Katz-Grodman's IDEA claims challenging the hearing officer's May 1, 2014, decision, which the court has ordered served in an Order issued on this date.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


May 18, 2015

cc:  Elena Katz-Grodman, pro se
     Arnold Grodman, pro se